IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
JUDICIAL WATCH, INC.,                )
425 Third Street SW, Suite 800       )
Washington, DC 20024,                )
                                     )
              Plaintiff,             )   Civil Action No.
                                     )
v.                                   )
                                     )
U.S. DEPARTMENT OF JUSTICE,          )
950 Pennsylvania Avenue, N.W.        )
Washington, D.C. 20530,              )
                                     )
              Defendant.             )
_____)
```

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Judicial Watch, Inc. is a non-profit, educational foundation organized under the laws of the District of Columbia and having its principal place of business at 425 Third Street, S.W., Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes

the agencies' responses and disseminates both its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of Justice ("DOJ") is an agency of the U.S. Government and is headquartered at 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530. Defendant DOJ has possession, custody, and control of public records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On November 13, 2024, Plaintiff submitted a FOIA request to the Office of Information Policy ("OIP"), a component of Defendant, seeking access to the following public records:

> **All e-mails sent or received by Special Counsel Jack Smith between November 5, 2024 and November 13, 2024.**

6. By letter dated November 13, 2024, OIP acknowledged receipt of Plaintiff's request on November 13, 2024, and advised Plaintiff the request had been assigned tracking number FOIA-2025-00478.

7. Plaintiff has received no further communication from the OIP regarding the request.

8. On November 21, 2024, Plaintiff submitted a FOIA request to the OIP seeking access to the following public records:

> **1. All communications from any current or former member of the Office of Special Counsel Jack Smith to any New York State governmental or law enforcement office since November 1, 2022, regarding investigation into President-elect Trump. This request includes, but is not limited to, all communications sent to any of the following email domains:**
>
> i.   **@exec.ny.gov**
> ii.  **@ag.ny.gov**

   iii. **@dany.nyc.gov**
   iv. **@dos.ny.gov**
   v. **@nyspia.org**

 **2. All communications from any current or former member of the Office of Special Counsel Jack Smith to the Fulton County District Attorney's office or Georgia Secretary of State's office since November 1, 2022, regarding investigation into President-elect Trump. This request includes, but is not limited to, all communications sent to any of the following email domains:**

   i. **@fultonda.org**
   ii. **@sos.ga.gov**

 **3. All communications from any current or former member of the Office of Special Counsel Jack Smith to the White House, Congressional or Senate office since November 1, 2022, regarding investigation into President-elect Trump. This request includes, but is not limited to, all communications sent to any of the following email domains:**

   i. **@mail.house.gov**
   ii. **@senate.gov**
   iii. **@eop.gov**

 **4. All communications from any current or former member of the Office of Special Counsel Jack Smith to any federal law enforcement or government official since November 1, 2022, regarding investigation into President-elect Trump. This request includes, but is not limited to, all communications sent to any of the following email domains:**

   i. **@fbi.gov**
   ii. **@ usss.dhs.gov**
   iii. **@dhs.gov**
   iv. **@usdoj.gov**

 The timeframe for this request is November 1, 2022 to present.

9. By letter dated November 21, 2024, OIP acknowledged receipt of Plaintiff's request on November 21, 2024, and advised Plaintiff the request had been assigned tracking number FOIA-2025-00610.

10. Plaintiff has received no further communication from OIP regarding the request.

11. As of the date of this Complaint, Defendant has failed to (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records it intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

12. Plaintiff realleges paragraphs 1 through 11 as if fully stated herein.

13. Defendant is in violation of FOIA.

14. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

15. Plaintiff has no adequate remedy at law.

16. To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's requests by December 20, 2024 at the latest. Because Defendant failed to issue final determinations on Plaintiff's requests within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA requests; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA requests and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold

any and all non-exempt records responsive to Plaintiff's FOIA requests; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: November 3, 2025            Respectfully submitted,

/s/ *Lauren M. Burke*
Lauren M. Burke
DC Bar No. 1028811
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
(202) 646-5172
lburke@judicialwatch.org

*Counsel for Plaintiff*